IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL SHANE WHITE, # 157804**                                              **PLAINTIFF**

**v.**                                         **CAUSE NO. 1:18CV14-LG-RHW**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS**                                                            **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Michael Shane White initiated this action on January 8, 2018. At the time, he was a pretrial detainee at the Jackson County Adult Detention Center.

On April 3, 2018, the Court ordered White to respond to certain inquiries regarding the Complaint. The responses were due April 17, 2018. Having received no response, on May 1, 2018, the Court entered the Order to Show Cause [10], ordering him to show cause, by May 15, 2018 why this case should not be dismissed for failure to obey an Order of the Court. When White still failed to comply, the Court entered the Second Order to Show Cause [12], on May 29, 2018 giving him one last chance to do so.

All Orders [8, 10, 12] were mailed to White's address of record, but they were returned as undeliverable. To date he has not responded, provided a change of address, or otherwise contacted the Court. The Court has warned White that failure to comply, including keeping the Court apprised of his address, may result in this case being dismissed. (2d Order to Show Cause at 1-2); (1st Order to Show Cause); (Order Requiring Pl. to Respond); (Order Setting Payment Schedule at 3);

(Order [4] at 2); (Order [3] at 2). It is apparent from White's failure to pay the filing fee that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id*. at 629-30. Since Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE